T.C. Memo. 2003-263

UNITED STATES TAX COURT

ROBERT M. GALVIN AND CHRISTINE GALVIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1994-02L.                    Filed September 9, 2003.

Robert M. Galvin and Christine Galvin, pro sese.

<u>John M. Tkacik, Jr.</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  The petition in this case was filed in response to the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  The issue for decision is whether there was an abuse of discretion in the determination that collection action could proceed for 1980, 1981, 1982, 1983, 1984, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1997, and 1998 (years in issue).

Unless otherwise indicated, all section references are to the Internal Revenue Code for the relevant year. Amounts are rounded to the nearest dollar.

## Background

All of the facts have been stipulated. The stipulated facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Port Clinton, Ohio, at the time they filed their petition. At the time of filing the petition, petitioner Robert M. Galvin (Mr. Galvin) was 75 years old and in poor health. Mr. Galvin had practiced law for 26 years.

Petitioners entered into six installment agreements to pay their unpaid tax liabilities on which they defaulted by failing to make required payments and to timely pay other tax liabilities.

On February 22, 2000, petitioners submitted to respondent Form 433-A, Collection Information Statement for Individuals. Based upon the income and expense information provided by petitioners, respondent determined that $790 per month could be paid. Petitioners rejected the proposal.

On May 5, 2000, a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioners. The taxes owed, as set forth in the final notice, including additions to tax, penalties, and statutory interest, were as follows:

| Year | Assessed Liability |
|------|-------------------|
| 1980 | $ 56,537 |
| 1981 | 19,925 |
| 1982 | 24,517 |
| 1983 | 8,364 |
| 1984 | 10,943 |
| 1988 | 530 |
| 1989 | 5,992 |
| 1990 | 15,231 |
| 1991 | 9,420 |
| 1992 | 2,709 |
| 1993 | 1,713 |
| 1994 | 1,465 |
| 1997 | 1,865 |
| 1998 | 2,189 |

On May 22, 2000, petitioners filed Form 12153, Request for a Collection Due Process Hearing. A hearing was conducted on August 3, 2001, with Appeals Officer Douglas Kane (Mr. Kane). Based upon supplemental income and expense information provided by petitioners, Mr. Kane reduced the payment required from $790 to $721 per month.

On October 1, 2001, petitioners sent respondent a letter offering $250 per month until the expiration of the statutory period of collection. The earliest statutory period of collection was set to expire during 2005.

On October 22, 2001, respondent sent a letter which rejected the $250 per month offered by petitioners and proposed a $721 per month payment for 2 years. Mr. Kane stated in the letter:

> I do believe that I could justify reducing the number of years that payments would be made on an installment offer in compromise. This would be based

on your age, health, and the age of the tax
liabilities. * * *

Mr. Kane and Mr. Galvin also met on November 9, 2001, to discuss collection alternatives. The $721 offer made by Mr. Kane was not accepted, and Mr. Galvin offered no other collection alternatives.

On December 28, 2001, a notice of determination was sent to petitioners which stated:

> It has been determined that the proposed levy action is sustained. The Internal Revenue Service has complied with code and procedural requirements in collecting the tax.

> *     *     *     *     *     *     *

> The only issue that you raised was that you could not pay $790 per month that was determined by the revenue officer to be required. After updating your income and expense information it was determined that payments of $721 per month would be required. The problem is that some of your expenses do not fall within the IRS allowable expense guidelines. These include tuition and related expenses for your children and credit card debt payments.

> An installment agreement is not possible because payments of even $721 per month would never fully pay the liabilities. The IRS can only grant an installment agreement that provides for full payment within the statutory period for collection. An installment offer in compromise was discussed in detail but you have not pursued this alternative. The proposed levy action is therefore sustained.

On January 24, 2002, petitioners filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). On February 21, 2002, petitioners filed an Amended Petition for Lien

or Levy Action under Code Section 6320(c) or 6330(d) which stated:

> I have eleven children aged 47 to 21.  Six have college degrees; two are close to degree completion.  All are taxpaying citizens and student loan paying citizens in some cases.  My indirect contribution to tax coffers is large and ongoing.
>
>      \*      \*      \*      \*      \*      \*      \*
>
> Most of our funds help our children who with student loans and in spite of work need help with emergencies and medical matters, etc.  These aren't allowable with you, but they are real.  This month one my [sic] paychecks paid for my youngest daughter's deductible car insurance in order for her to obtain her car back from repairs after an accident (not her fault) and her car insurance.  She has a child, goes to college, work and daycare.  You may not call this a necessity I do [sic].
>
>      \*      \*      \*      \*      \*      \*      \*
>
> My petition for relief is simple.  Declare this account uncollectible.

The amended petition also stated that the "levy or enforcement of lien would be punitive and destructive to taxpaying citizens and their family at a loss not a gain to the Federal Government".

Prior to the issuance of this opinion, the Court held a conference call with the parties to determine whether a settlement could be reached.  It became apparent to the Court that settlement could not be reached.

## Discussion

Petitioners do not dispute that the amount of taxes owed, additions to tax, penalties, and statutory interest assessed are

correct. Where the validity of the underlying tax liability is not properly at issue, we review respondent's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

From our review of the record, we conclude Mr. Kane attempted to help petitioners substantially by offering a reasonable payment amount with reasonable payment terms to satisfy substantial tax liabilities after appropriately applying the procedures available to petitioners.

Pursuant to section 6330, petitioners are entitled to only one hearing during which they may raise any relevant issue relating to the proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(b)(2), (c)(2)(A). Respondent, in fact, held two hearings with petitioners, the first on August 3, 2001, with both petitioners present, and the second on November 9, 2001, with only Mr. Galvin present.

Petitioners have, on six different occasions, defaulted on installment agreements entered into with respondent for the years in issue. We conclude Mr. Kane's rejection of petitioners' offer to pay $250 per month to satisfy tax liabilities in excess of $160,000 was reasonable.

Respondent's proposal for an offer in compromise to pay $721 per month for a 2-year period to fully satisfy petitioners' tax

liabilities for the years in issue was based upon income and expense figures provided by petitioners and was computed under the guidelines provided in the Internal Revenue Manual. We reviewed respondent's computations and conclude that they are reasonable. McCorkle v. Commissioner, T.C. Memo. 2003-34; Schulman v. Commissioner, T.C. Memo. 2002-129.

The passage of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3462(a), 112 Stat. 764, which added section 7122(c) to the Code, resulted in the issuance of new regulations substantially changing offer-in-compromise procedures found in section 7122. The traditional grounds for compromise had been doubt as to liability and doubt as to collectibility. Sec. 301.7122-1(b)(1) and (2), Proced. & Admin. Regs.

Offers in compromise can now be considered for the "promotion of effective tax administration" if collection of the full amount of the liability creates an economic hardship. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs. The addition of this category allowed factors such as advanced age and serious illness to be considered to determine if economic hardship existed. 2 Administration, Internal Revenue Manual (CCH), sec. 5.8.11.2, at 16,385-15. In addition, the Internal Revenue Service announced it would allow, in appropriate cases, a short-term payment option that gives taxpayers up to 2 years to pay the entire amount

offered. 2 Administration, Internal Revenue Manual (CCH), sec. 5.8.1.3.5, at 16,256.

Mr. Kane properly applied these procedures to arrive at the proposal offered to petitioners. Petitioners' challenges to the appropriateness of the collection action were based upon Mr. Galvin's poor health and the possibility that he would be unable to continue to work. Mr. Kane took these factors, as well as the age of the tax liabilities, into consideration in making respondent's proposal.

Petitioners have not presented any evidence or persuasive arguments to convince us that respondent abused his discretion. See <u>Black v. Commissioner</u>, T.C. Memo. 2002-307. As a result, we hold the issuance of the notice of determination was not an abuse of respondent's discretion and respondent may proceed with collection.

In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.